Golnar J. Fozi, Esq. (SBN 167674)
Jeremy M. Dwork, Esq. (SBN 254013)
Meyers Fozi, LLP
1925 Palomar Oaks Way, Suite 207
Carlsbad, CA  92008
Tel:  (760) 444-0039; Fax:  (760) 444-0130
Email:   gfozi@meyersfozi.com
          jdwork@meyersfozi.com

Attorneys for Defendant,
SWEETWATER AUTHORITY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR MARTINEZ, GEORGE SILVA, MICHAEL GARROD, AND MYRNA SILVA,<br><br>Plaintiff,<br><br>v.<br><br>SWEETWATER AUTHORITY; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: **3:13-cv-00167-CAB-NLS**<br><br>**DEFENDANT SWEETWATER AUTHORITY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT [FRCP 12(b)(6)]**<br><br>DATE:      June 28, 2013<br>TIME:       2:00 p.m.<br>CRTRM:   4C |

Defendant, Sweetwater Authority (hereafter "Sweetwater"), respectfully submits the following Reply in Support of its Motion to Dismiss Plaintiff's First Amended Complaint:

**I.     Summary of Arguments**

The lawsuit filed by plaintiffs Hector Martinez, George Silva, Michael Garrod, and Myrna Silva should be dismissed.  The arguments posed by plaintiffs in their opposition do not remedy the shortcomings identified in Sweetwater's motion.

First, plaintiffs' first and fourth causes of action should be dismissed for failure to exhaust administrative remedies.  Sweetwater recognizes the authority plaintiffs cited for the proposition that receipt of a DFEH right-to-sue notice

1

effectively serves as an EEOC notice. However, this does not show plaintiffs exhausted their administrative remedies. Since plaintiffs have not pleaded the content of their DFEH charge (or attached it to the pleadings), plaintiffs cannot show that the claims in this case were already the subject of the administrative charge process. Therefore, plaintiffs cannot show exhaustion of administrative remedies. This is a separate issue from the simple filing of charge, yet it is equally important to whether this Court has jurisdiction to review plaintiffs' claims. The first and fourth causes of action must be dismissed.

Next, plaintiffs' second cause of action for failure to prevent discrimination and retaliation fails to state facts sufficient to constitute a cause of action. Plaintiffs' response to Sweetwater's motion on this point misconstrues the argument being made. The argument Sweetwater is making is as follows: Plaintiffs must establish discrimination and retaliation in order to move forward on a claim of failure to prevent such things. Since plaintiffs have only one year to file a DFEH complaint for discrimination or retaliation, only the incidents that occurred within the prior year may properly support their claims. The race discrimination complaint occurred in 2008 and is untimely. The retaliation claims are legally insufficient. Thus, since plaintiffs have not alleged retaliation or discrimination as a matter of law, their claims that Sweetwater failed to prevent such misconduct are insufficient and must be dismissed.

Finally, plaintiff Martinez's third cause of action for race discrimination is time-barred. Despite plaintiff Martinez's admission that his only complaint for discrimination occurred in 2008 (nearly 5 years ago), he argues that the more recent issues are mere continuations of discrimination. This position is not supported by the facts alleged; plaintiff Martinez specifically alleges the post-2008 events were matters of retaliation, not discrimination. The third cause of action is time-barred.

///

For these reasons, and those that follow, Sweetwater respectfully requests plaintiffs' First Amended Complaint be dismissed.

## II. Plaintiffs' First and Fourth Causes of Action Must Be Dismissed for Failure to Exhaust Administrative Remedies

Plaintiffs' first and fourth causes of action are for retaliation and discrimination under Title VII. In its moving papers, Sweetwater pointed out that plaintiffs did not allege (or otherwise show) that they had exhausted their administrative remedies with the EEOC. In opposing this argument, plaintiffs cited *Surrell v. California Water Service, Co.,* 518 F.3d 1097 (9th Cir. 2008) and *Stiefel v. Becthel Corp.,* 624 F.3d 1240 (9th Cir. 2010), for the proposition that plaintiffs' filing of a DFEH charge satisfied the need to file a charge with the EEOC. Although the authority cited by plaintiffs indeed indicates that a DFEH filing may satisfy the EEOC filing requirement, mere filing of a charge is not sufficient to show that plaintiffs have exhausted their administrative remedies prior to filing suit.

In the very recent case of *Kennedy v. Kings Mosquito Abatement District,* 2013 WL 1129202 (E.D. California 2013), the jurisdictional requirement to exhaust administrative remedies was analyzed in detail. Citing *EEOC v. Farmer Bros. Co.,* 31 F.3d 891 (9th Cir. 1994), *Kennedy* recognized:

> To establish federal subject matter jurisdiction [a plaintiff] is required to exhaust her EEOC administrative remedies before seeking federal adjudication of her claims. *See Sosa v. Hiraoka,* 920 F.2d 1451, 1456 (9th Cir. 1990). As explained in *Sosa,* "[t]he jurisdictional scope of a Title VII claimant's court action <u>depends upon the scope of both the EEOC charge and the EEOC investigation.</u>" *Id.* (citing *Green v. Los Angeles Superintendent of Sch.,* 998 F.2d 1472, 1476 (9th Cir. 1986). The district court [has] subject matter jurisdiction over [a plaintiff's] allegations of discriminatory [dismissal] if that claim fell within the scope of an "EEOC investigation which can reasonably be expected to grow out of the charge of

discrimination." *Sosa,* 920 F.2d at 1456 (citations omitted).

(Underline emphasis added.) (*Kennedy, supra,* 2013 WL 1129202, at 5.) The exhaustion requirement therefore requires evaluation of both procedural and substantive compliance.

Procedurally, "[t]he administrative charge requirement serves the important purposes of giving the charged party notice of the claim and 'narrow[ing] the issues for prompt adjudication and decision.'" (*Id.*; citing *B.K.B. v. Maui Police Dept,* 276 F.3d 1091, 1099 (9th Cir. 2002).) However, "[w]hile the fact that [a] plaintiff timely filed a DFEH complaint and received Right-to-Sue Letters appears to satisfy the requirement for filing of a complaint with EEOC, the mere allegation of the fact of having received right-to-sue letters from DFEH and having 'satisfied all applicable exhaustion requirements' does not adequately state facts to establish the scope of the court's jurisdiction." (*Kennedy, supra,* 2013 WL 1129202, at 6.)

> The inquiry into whether a claim has been sufficiently exhausted must focus on the <u>factual allegations made in the charge itself</u>, describing the discriminatory conduct about which a plaintiff is grieving. Only by engaging in such an inquiry will the actual focus of the administrative charge, and the scope of the claims exhausted, be revealed.

(*Freeman v. Oakland Unified School Dist.* 291 F.3d 632, 637 (9th Cir. 2002).)

Although plaintiffs may have satisfied the filing requirement, they have not alleged the scope of the charge or attached a copy of it. Without this, plaintiffs have not demonstrated exhaustion of administrative remedies, which is needed to provide this Court with subject matter jurisdiction over their claims. The first and fourth causes of action must therefore be dismissed.

///

///

### III. Plaintiffs' Second Cause of Action Fail to State Facts Sufficient to Constitute a Cause of Action

Plaintiffs' second cause of action is for failure to prevent discrimination and retaliation. As cited in the moving papers, to sufficiently plead this cause of action plaintiffs must first sufficient plead discrimination and retaliation. (See *Trujillo v. North County Transit Dist.,* 63 Cal.App.4th 280, 289 (1998).) Sweetwater's motion showed that plaintiffs' race discrimination and retaliation claims are either insufficiently pleaded, or time-barred, or both. Although plaintiff disagreed, none of plaintiffs' arguments change the plain content of the First Amended Complaint, or the time frames in which the allegations occurred.

#### A. Since Plaintiffs Do Not Sufficiently Plead Retaliation, There Can Be No Failure to Prevent Retaliation

Sweetwater's motion detailed each allegation of retaliation by each plaintiff that occurred within the applicable statutory period. The motion then showed that those allegations are insufficient to support any claim of retaliation – preventing plaintiffs from alleging liability for failure to prevent retaliation. (See *Trujillo v. North County Transit Dist.,* 63 Cal.App.4th 280, 289 (1998).) Plaintiffs' opposition does nothing to suggest that Sweetwater's interpretation of the pleadings, or its recitation of facts, is inaccurate in any way. Rather, plaintiffs assert only that they *will show* retaliation in discovery and that they chose not to include other alleged misconduct to preserve "their own credibility." (FAC, p. 13, lns. 3-4.) Sweetwater respectfully submits this issue on the basis of its arguments and authority as cited in its moving papers.

#### B. Since Plaintiff Martinez's Race Discrimination Claim is Time-Barred, There Can Be No Failure to Prevent Discrimination

Plaintiff's only race discrimination complaint to Sweetwater occurred in 2008, and plaintiff Martinez does not dispute this. (FAC, p. 2, lns. 14-16; Opp., p. 10, lns 20-24.) However, in an effort to save his claim from being rendered

5

stale, he now argues that the alleged race discrimination was not limited to 2008, but that he "is still being racially discriminated against by [Sweetwater] to this very day." (Opp., 10, lns. 21-22.) The pleadings, however, do not support this assertion.

Plaintiff's First Amended Complaint unmistakably alleges that he suffered from race discrimination in 2008 and suffered from alleged retaliation thereafter. For example, paragraph 53, in pertinent part, reads: "The initial <u>discrimination</u> was based on race, as Hector Martinez is Hispanic-American. […] Plaintiff complained to Defendant about the discrimination. […] Further, Defendant perpetuated and continues to perpetuate systematic and orchestrated <u>retaliation</u> against all Plaintiffs for their participation in the investigation of Plaintiff Martinez's 2008 racial discrimination claim." (Underline emphasis added.) (FAC, p. 17, lns. 14-22.) Contrary to plaintiff Martinez's arguments in opposition to this motion, he does not allege any continuing acts of discrimination. He alleges the discrimination occurred in 2008 and retaliation followed.

Since a complaint of discrimination under FEHA must be made within one year, and nearly four years passed before plaintiff made such complaint in this case, the race discrimination claim is time-barred. (See Gov. Code 12960, subd. (d); Gov. Code 129655, subd. (b).) As a result, plaintiff Martinez cannot bring a claim for failure to prevent race discrimination when he cannot maintain a claim for discrimination in the first place. (See *Trujillo v. North County Transit Dist.*, 63 Cal.App.4th 280, 289 (1998).)

///
///
///
///
///

## IV. Conclusion

For the foregoing reasons, Sweetwater respectfully requests that the Court grant its Motion to Dismiss.

Dated: June 19, 2013     Meyers Fozi, LLP

By: _____s/Jeremy M. Dwork_____
Golnar J. Fozi
Jeremy M. Dwork
Attorneys for Defendant, Sweetwater Authority
E-mail: jdwork@meyersfozi.com

Golnar J. Fozi, Esq. (SBN 167674)
Jeremy M. Dwork, Esq. (SBN 254013)
Meyers Fozi, LLP
1925 Palomar Oaks Way, Ste. 207
Carlsbad, CA  92008
Tel: (760) 444-0039; Fax: (760) 444-0130
Email:  gfozi@meyersfozi.com
           jdwork@meyersfozi.com

Attorneys for Defendant,
SWEETWATER AUTHORITY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR MARTINEZ, GEORGE SILVA, MICHAEL GARROD, and MYRNA SILVA,<br><br>Plaintiffs,<br><br>v.<br><br>SWEETWATER AUTHORITY; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 3:13-cv-00167-CAB-NLS<br><br>**CERTIFICATE OF SERVICE** |

I, Cindy Millican, declare:

I am over the age of 18 and not a party to the action.  I am employed in the county of San Diego, California.  My business address is 1925 Palomar Oaks Way, Suite 207, Carlsbad, CA 92008.

On June 19, 2013, I served the following documents, described as:

1. Defendant Sweetwater Authority's Reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint;

on all interested parties in the action via the following method, to the following address(es):

///

///

Elliott Kanter
ATTORNEY AT LAW
2445 Fifth Avenue, Suite 350
San Diego, CA 92101
Tel: (619) 231-1883; Fax: (619) 234-4553; Email: ekanter1@san.rr.com
Attorneys for Plaintiffs,
HECTOR MARTINEZ, GEORGE SILVA, MICHAEL GARROD, and MYRNA SILVA

__X__ BY ELECTRONIC SERVICE: On the date stated below, I caused the documents described above to be served via CM/ECF on the designated recipients through electronic transmission of said documents by the CM/ECF system. A certified receipt is issued to the filing party acknowledging receipt by CM/ECF's system. Once CM/ECF has served all designated recipients, proof of electronic service is returned to the filing party.

_____ BY MAIL: On the date stated below, I served the documents described above by placing an envelope for collection and mailing following our ordinary business practices. I am readily familiar with the office's practice of collecting and processing of documents for mailing. Under that practice, it would be deposited with the United States Postal Service on the same day in a sealed envelope with first-class postage prepaid at Carlsbad, California in the ordinary course of every business day.

_____ BY FAX TRANSMISSION: On the date stated below, I faxed the documents described above to counsel at the fax numbers listed above. No error was reported by the fax machine. A copy of the records of the fax transmission, which I printed out, is attached hereto.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 19, 2013, at Carlsbad, California.

_____
Cindy Millican